Kirkpatrick, C. J.
— The first reason assigned for the reversal of this judgment is, that the nature of the action is misconceived, being in case, when it ought to have been in trespass.
The complaint filed, is for entering upon the land of the plaintiff, and taking away his rye. This is certainly a trespass. To confound it with actions of another nature, might cheat the defendant of his defence. Besides, the act is express, that the Justice shall enter the nature of the action; this must be the true legal description of it.
There are other objections to this record, but I rest my opinion upon this orio only. Therefore, in my opinion, let judgment be reversed.
Rosseix, J.
— The reason which seems to be principally relied on to reverse this judgment is, “That the nature of the action is erroneous, being case, when it ought to have been trespass.”
*176 In examining the transcript sent up by the Justice, we find so much of it as is necessary for my present purpose, to be as follows:
Benjamin Fisher, vs. > Thomas Warren,
Summons, trespass in case, 9 July, 1806. Retu. 16th inst. 2 p. m. demand $100 00. 16th re-j turned executed. Same day, plaintiff filed his state of demand, defendant filed his plea. Plaintiff craved a venire, 8tc. &c., and the state of demand annexed. Thomas Warren in trespass, to Benjamin Fisher, to taking and carting arvay off my land, a quantity of rye which belonged to me, on a field I purchased of William Patterson, &c., and for which I demand $50 00.
July 16, 1806.
[*] There is evidently on the face of these proceedings a strong legal distinction between the summons, or style of action, and the state of the plaintiff’s demand; and the only question with me is, is not the defendant, after a verdict of twelve men, barred of any advantage which this variance might have given him before issue joined? I think he is. This Court, I conceive, possesses the same powers on a certiorari from the judgment of a Justice of the Peace, as they do on a writ of error from the Common Pleas. In the exercise of this power, they must be regulated by the same rules of law, unless, indeed, (which seems generally to be allowed,) that on account of the want of legal information of the suitors in Courts for the trial of Small Causes, the same technical correctness should not be required of them. This being the case, we must examine, whether in any other court of record, a defendant could not have taken advantage of the venire above stated, by a plea in abatement — and if he had requested so to do, whether he could now assign it for error.
In our statute of amendments and jeofails, we find, that if any issue hath been tried by the oath or affirmation of twelve men, that the Court shall give judgment in the same, notwithstanding mispleadings, misconceiving of process, or misjoining of issue, or any other default or negligence of the parties, their counsellors or attornies.
That where any verdict shall be given in any action in any court of record, judgment shall not be stayed or reversed for any defect or fault in form or substance in any bill, writ, original or judicial, or for any variance in such writ from the declaration or other proceedings.
The 18th section of this act also directs, that this act shall be construed in the most ample, beneficial, and liberal manner.
In first Bacon’s Abridgment, 221, title error, it is laid down by Chief JusticeHolt, that “a man shall notassign [*] that for error which he might have pleaded in abatement, for *177 ii shall be accounted his folly, to neglect the time of taking that exception.” — (Same page,) “If there bean omission of any writ or process, or one writ awarded in lieu of another, yet if a party appear, and plead to issue, and judgment is given upon the verdict, this is not erroneous because he has not taken advantage of this before pleading to issue.”
Elmer, for plaintiff.
In 4 Bacon’s Abridgment, 137, pleas and pleadings, “after plaintiff and defendant have joined in the issue, to be tried between them, they have admitted the pleading to be good, and sufficient to try the issue.”
In 1 Com. 37, abatement: “ So it may be pleaded that the plaint is not in a proper action, as the plaintiff declared in an action on the case, when he ought to have an account.” Same page, (and expressly the point before us,) “ So that he brought an action on tho case, when he ought to have brought a general trespass.”
I consider the summons issuing from our justices courts, to be of the same nature as writs from other courts of record, and subject to similar regulations, in cases of this kind. The substance of this summons, naming the action, is entered in the magistrate’s docket, and open for the inspection of the parties. If tho state of demand, which can !se considered in no other point of view, than the declaration of the plaintiff, varies substantially from the style of action, the defendant may take advantage of it by a idea to abate the suit: If he neglects to do this before issue joined on the merits, he has waved his privilege, and is precluded from bringing it forward afterwards as error. I think this principle is fully established by the authorities I have cited, and does, and will tend to pment continued litigation. As I have the misfortune to differ from my brethren on this point, I have been thus particular in stating tho authorities on which I have founded my opinion, that the judgment should be affirmed.
Pennington, J.
— I concur in the reversal of this [*] judgment; the action is an action on the case, and so stated on the record of the justice. The state of demand, both in form and substance, is in trespass. The course of decisions in this Court, hath been to consider this error. This is not merely a variance between the writ and declaration, but between one part of the record and another. It is best to adhere to one uniform course of practice.
Judgment reversed.

The Reporter was strongly impressed with the force^ of Judge Rossell’s opinion and observations in this case, as well at the time of delivering of it, as since; but on reflection, he is still of opinion, that the course of the Court is *178 the safest practice. First, the suitors in the justice’s court, forty-nine out of fifty, do not understand the nature of a plea in abatement; and would not know when or how to plead it. Second, suppose the plaintiff should bring an action of trespass, in which action a set-off cannot be gone into; and when he should come before the justice on the return of the summons, was to declare in debt on simple contract; or what is the same thing, deliver to the justice an account against the defendant. The defendant coming before the justice, expecting to be put to answer a trespass, not being prepared to plead payment, and deliver to the justice an account, or other matter of set-off', as the act of Assembly requires to be done at that time, would be deprived of his set-offi by this tnck of the plaintiff, without any remedy.}